UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES HARMON,

                    Plaintiff,

v.                                          **DECISION AND ORDER**
                                                   17-CV-1070S

MARNI BOGART
THE COUNTY OF ERIE, NEW YORK,

                    Defendants.

## I. INTRODUCTION

Plaintiff James Harmon filed this action against Marni Bogart and The County of Erie (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 alleging violations under the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12201 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the New York State Human Rights Law, Executive Law § 296 et seq.

Presently before this Court is Defendants' motion to dismiss Harmon's Complaint in its entirety for failure to timely serve the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). (Docket No. 7). With briefing fully completed and oral argument deemed unnecessary, the Court will grant Defendants' motion.

## II. RELEVANT FACTS

Plaintiff timely filed his civil action in this court on October 23, 2017, 89 days from the EEOC's issuance of its right to sue letter. (Complaint, Docket No. 1; Docket No. 7-6). The following day, summonses were issued as to both Defendants. (Docket No. 3). Nearly four months later, with no further activity on the docket, this Court issued a Notice Before Dismissal for Failure to Effect Service, which warned Plaintiff that in absence of

showing good cause, in writing, for failure to effect service on the Defendants, his action would be dismissed without prejudice. (Docket No. 4). Four days later, Plaintiff filed affidavits of service for both Defendants, reflecting a service date of February 5, 2018 for both parties. (Docket Nos. 5-6).

Four days after that, Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's state law claims because he elected to exhaust these claims with the New York State Division of Human Rights, and that Plaintiff failed to timely and adequately serve process on the Defendants. (Docket No. 7). Plaintiff opposes Defendants' motion on 12(b)(5) grounds, but does not address Defendants' arguments with respect to the Court's subject matter jurisdiction for the claim arising under New York State law. (Docket No. 9).[1]

### III. DISCUSSION

**A.      Rule 12(b)(5) Standard**

Rule 12(b)(5) permits a party to move for dismissal of a complaint based on inadequate service of process. Fed. R. Civ. P. 12(b)(5). "In considering a

---

[1] Although Plaintiff does not press the issue with respect to his claim arising under the New York State Human Rights Law, and although the Court will dismiss this action pursuant to Rule 12(b)(5), it bears mention that Defendants' argument with respect to subject matter jurisdiction is correct. Plaintiff elected to pursue his state law claim with the New York State Division of Human Rights, which adjudicated that claim on the merits culminating in a finding of no probable cause. (Docket No. 7-5). "When the New York State Division of Human Rights has issued a finding of 'no probable cause . . . plaintiff's claims . . . are barred by the law['s] election of remedies provisions because she has already litigated the claims before the Division of Human Rights. The bar is jurisdictional, and the claims must be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P.'" Guardino v. Vill. of Scarsdale Police Dep't, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) (quoting Illie–Stout v. Barrier Free Living, No. 08 Civ. 6388, 2009 WL 81151 at *1–2 (S.D.N.Y. Jan. 12, 2009)). Accordingly, the Court lacks jurisdiction over the New York State Human Rights Law claim.

Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[ ] to matters outside the complaint to determine whether it has jurisdiction." Cassano v. Altshuler, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016).  When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving sufficient service.  See Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005) (citing Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons."  DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).  "Under Rule 4(m) of the Federal Rules of Civil Procedure, '[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specific time.'"  Haidon v. Budlong & Budlong, LLC, 318 F. Supp. 3d 568, 575–76 (W.D.N.Y. 2018) (quoting Fed. R. Civ. P. 4(m)).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  In addition, "district courts have the discretion to grant extensions even in the absence of good cause shown."  Zapata v. City of New York, 503 F.3d 192, 196 (2d Cir. 2007); Gerena v. Korb, 617 F.3d 197, 201 (2d Cir. 2010).

**B. Analysis**

    **1. Good Cause**

Under Rule 4(m), a district court must grant a Plaintiff an extension of time for service if the plaintiff demonstrates good cause.  "Good cause is measured against the

plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000). "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." Id. "Good cause . . . is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." Feingold v. Hankin, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003). Therefore, a "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation omitted).

Harmon fails to meet his burden in demonstrating good cause for failure to timely serve the Complaint on the Defendants. First, counsel for Plaintiff blames his "forgetfulness regarding the 2015 amendment to Rule 4(m)," which shortened the time for service from 120 days to 90 days—a change that took effect over three years ago, in December of 2015. (Docket No. 9, Walsh Decl., at 2). It is well established that counsel's "failure to appreciate the consequences of the amendments to Rule 4(m) is no excuse, for 'ignorance of the law' does not 'constitute good cause for untimely service.'" Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d at 434 (quoting Novak v. Nat'l Broad. Co., 131 F.R.D. 44, 45 (S.D.N.Y. 1990)); Tolchin v. Cty. of Nassau, 322 F. Supp. 3d 307, 312 (E.D.N.Y. 2018) ("Mere inadvertence, delay, or mistake by counsel does not constitute good cause requiring the court to grant an extension of time in which to serve."). Moreover, as Plaintiff acknowledges in his filings, (Walsh Decl. at 4), Walsh was informed by this Court about the amendment to Rule 4 which shortened the

4

timeframe from 120 days to 90 days in a text order in a separate matter before this Court in January of 2018, further undercutting a finding of good cause. See 17-cv-425, Docket No. 6, (W.D.N.Y. Jan. 9, 2018); see also (Walsh Decl. at 4) ("Ironically, in another case in this district in which I made an *ex-parte* motion for service by alternate means and to extend the time for service in early January 2018 . . . I <u>overlooked a provision in a text order in that case which noted that my motion incorrectly cited Rule 4(m) for a 120 day time period, rather than 90 days</u>.").

Acknowledging his mistake, Plaintiff asserts three additional "good reasons" for failing to timely serve process: (1) the parties met for mediation in a related case in November 2017 and Walsh "believed it would be counterproductive to serve the Summons and Complaint in the instant action" before or during the mediation in the related case; (2) he "did not want to serve the new summons and complaint during the holidays"; and (3) he wanted a "situation" that allegedly occurred between Plaintiff's immediate supervisor and Bogart in December 2017 "to calm down" before serving process. (Docket No. 9-2 at 4). But each "good reason[]" for failing to timely serve process proffered by Plaintiff are circumstances that were entirely within Plaintiff's control and, accordingly, cannot form the basis for demonstrating the good cause required to extend the time for service. Cf. Smith v. Ford Motor Co., No. 07-CV-422S, 2009 WL 2448472, at *3 (W.D.N.Y. Aug. 7, 2009) ("Plaintiff also contends that she failed to serve process in a timely manner because of ongoing negotiations with Ford's counsel . . . [h]owever, Plaintiff's counsel provides no explanation for why—after negotiations ended and he requested service—he waited until the last day of the service

5

period, almost two months later, to follow up.").

Finally, Plaintiff asserts that Federal Rule of Civil Procedure 4(e)—"serving an individual within a judicial district of the United States"—allows for parties to effect service of process by "following state law for serving a summons in an action." Fed. R. Civ. P. 4(e)(1). Following New York law, he contends, would therefore allow him 120 days under the rule, making his service of process on Defendants timely under N.Y. C.P.L.R. § 306-b. (Docket No. 9 at 2-3). As Defendant correctly observes, however, this would not excuse untimely service, as Rule 4(e) concerns the <u>method</u> of service rather than the time limits within which service must be made. Given that subsection (m) of Rule 4 squarely addresses time limits for service, Plaintiff's invitation for the court to adopt the 120-day time limit proscribed by New York State procedural rules pursuant to subsection (e) would render subsection (m) superfluous, a result that courts are required to avoid. <u>See</u> <u>Marx v. Gen. Revenue Corp.</u>, 568 U.S. 371, 386, 133 S. Ct. 1166, 1178, 185 L. Ed. 2d 242 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."); <u>United States v. Jicarilla Apache Nation</u>, 564 U.S. 162, 185 131 S. Ct. 2313, 2330, 180 L.Ed.2d 187 (2011) ("'As our cases have noted in the past, we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law' (quoting <u>Mackey v. Lanier Collection Agency & Service, Inc.</u>, 486 U.S. 825, 837, 108 S. Ct. 2182, 100 L.Ed.2d 836 (1988))).

Because Plaintiff has not shown that reasonable efforts were made to timely serve Defendants before the 90-day deadline expired, a good cause extension is not mandated

6

here.

### 2. Discretion

"[D]istrict courts have the discretion to grant extensions even in the absence of good cause shown." Zapata, 502 F.3d at 196; Gerena, 617 F.3d at 201 (The Second Circuit "review[s] a district court's dismissal for failure to timely serve process under Fed. R. Civ. P. 4(m) for abuse of discretion. A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions.") (internal citations and quotation marks omitted). To obtain a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." Zapata, 502 F.3d at 198. No such excuse or other explanation is advanced here.

Nor do the four factors used to determine whether to grant a discretionary extension weigh in favor of granting an extension. "In exercising this discretion, the courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant had attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and 4) whether the defendant had actual notice of the claims asserted in the complaint." Feingold, 269 F. Supp. 2d at 277. However, courts must keep in mind that "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of Plaintiff's neglect." Zapata, 502 F.3d at 198. Thus, the Second Circuit "leave[s] to the district courts to decide on the facts of each case how to

7

weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." Id.; Abreu v. City of New York, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009) ("Where good cause is lacking, the Second Circuit will not disturb a district court's decision to dismiss 'so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.'") (quoting Zapata, 502 F.3d at 197).

As to the first factor, the statute of limitations would bar a refiled action on the claims raised in the instant Complaint; the 90-day statute of limitations expired on January 26, 2018. Consequently, Plaintiff will be unable to pursue these claims absent an exercise of the Court's discretion to extend the service time. "Although this factor generally weighs in favor of a discretionary extension, see Zapata, 502 F.3d at 198 (noting that "it is the prejudice to the plaintiff that would most naturally be 'assumed' where a dismissal without prejudice would time-bar the action" (emphasis in original)), the factor is 'not dispositive.'" Jones v. Westchester Cty., No. 14-CV-9803 (KMK), 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018) (quoting Brunson-Bedi v. New York, No. 15-CV-9790, 2018 WL 2084171, at *9 (S.D.N.Y. May 1, 2018) (citation omitted)); see also Arch Ins. Co. v. Goldens Bridge Fire Dep't, No. 16-CV-9921, 2018 WL 1725225, at *5 (S.D.N.Y. Apr. 6, 2018) ("Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." (alterations and citations omitted)). However, Plaintiff has not lost out on pursuing all of his claims stemming from the February 2016 incident described in the Complaint.

8

Indeed, eight months before filing the instant action, Plaintiff filed a lawsuit in New York State Supreme Court—which was removed to this Court on March 31, 2017—against the same exact Defendants arising out of the same February 2016 incident described in this Complaint, alleging violations under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as state law claims for intentional infliction of emotional distress and defamation. (See 17-CV-284-WMS-HBS, Docket No. 1). That parallel action is active and it is currently in the summary judgment stage of litigation. (See id., Docket No. 18). Accordingly, this factor tips against a discretionary extension. Cf. Marosan v. Trocaire Coll., No. 12-CV-151, 2013 WL 505423, at *4 (W.D.N.Y. Feb. 8, 2013) ("[T]he statute of limitations has run on Plaintiff's claim under the Age Discrimination in Employment Act, [but] he has one viable federal claim remaining that is not time barred. Therefore, even if the instant complaint is dismissed and Plaintiff is precluded from pursuing his claim under the Age Discrimination in Employment Act, Plaintiff has not lost his ability to bring a federal claim for employment discrimination under Section 1981 of the Civil Rights Act.").

Nevertheless, "even where the statute of limitations has run, 'courts have declined to extend the time to serve' where—as here—'a plaintiff has failed to demonstrate diligence, establish good cause, and/or provide any excuse.'" Jones, 2018 WL 6726554, at *7; Guerrero v. City of New York, No. 14-CV-8035 (VSB), 2018 WL 4333985, at *6 (S.D.N.Y. Sept. 11, 2018) (citing Zapata, 502 F.3d at 199 and Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013)). This is especially so given that, by text order in a separate case on January 9, 2018—seventeen days before

9

the time to serve in the present case expired—counsel for Plaintiff was explicitly made aware of the amendments to Rule 4(m) which shortened the service timeframe from 120 to 90 days.  (See 17-cv-425, Docket No. 6).  Compounded by the fact that counsel for Plaintiff never sought an extension of time to effect service in the present case, the Court has difficulty finding in favor of the Plaintiff on this factor.  Cf. Bogle-Assegai v. Connecticut, 470 F.3d 498, 508 (2d Cir. 2006) ("Further, despite having been informed that Appleton and Newton objected to the improper service at least as early as July 2003, and despite the continued pendency of the lawsuit until March 2005, Bogle–Assegai never attempted to remedy the defect by asking the district court to extend her time to effect personal service.").

The second factor—whether Defendants attempted to conceal the defect in service—also weighs against granting a discretionary extension.  Defendants did not conceal, or attempt to conceal, the untimely (and arguably defective with respect to the individual defendant Bogart) service of the Defendants.  Nor does Plaintiff in any of his papers suggest that Defendants attempted to conceal the defect.  In fact, just days after this Court issued its notice and Plaintiff filed affidavits of service in this Court, the Defendants moved to dismiss this action.  (Docket Nos. 5-7).

Third, the Court finds that Defendants would be prejudiced by excusing the Plaintiff from the time constraints of the provision.  See MacMillan v. Wegmans Food Market, Inc., No. 13-CV-6647-CJS, 2014 WL 5465456, at *3 (W.D.N.Y. Oct. 28, 2014) (declining to exercise a discretionary discretion even where "dismissal here will bar MacMillan's action due to the Title VII statute of limitations" because Defendant "would be forced to

defend a time-barred action if the Court were to grant an extension for late service"). "[In the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of Plaintiff's neglect." Zapata, 502 F.3d at 198. The Second Circuit made clear in Zapata that it is up "to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." Id. Here, both the statute of limitations on Plaintiff's claims as well as the time to serve process expired before Plaintiff effected service on the County on February 5, 2018. Thus, "extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on [D]efendants, especially where, as here, both the service period and the statute of limitations period have long since expired." Barbosa v. City of New York, No. 16-CV-7340-LTS, 2018 WL 4625620, at *3 (S.D.N.Y. Sept. 26, 2018) (quoting Vaher, 916 F. Supp. 2d at 421).

Finally, as to the fourth factor, the Defendants concede that they had actual notice of Plaintiff's claims. (Defs. Br. at 11). Nevertheless, having "actual notice of the claims . . . does not overcome Plaintiff's failure to even 'attempt[] to remedy the defect [in service] by asking the district court to extend [his] time to effect personal service.'" Jones, 2018 WL 6726554, at *7 (quoting Bogle-Assegai, 470 F.3d at 508-39). Here, as discussed previously, at no point did Plaintiff move to extend the time to effect personal service on the Defendants.

After carefully weighing all four factors discussed above, the Court declines to

11

exercise its discretion to extend Plaintiff's time to serve the Complaint.

## IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss the Complaint is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 7, 2019
       Buffalo, New York

                                                        /s/William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                   United States District Judge